**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | | |
|---|---|---|
| CAROLYN DIANA DAVIS, | ) | |
| as the Administratrix for the ESTATE of | ) | Civil Action No.  5:18-cv--00530 |
| CHARLES TIMOTHY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Berger |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY/LIMIT DISCOVERY**

AND NOW comes the Plaintiff, Carolyn Diana Davis, as Administratrix of the Estate of Charles Timothy Davis, by and through undersigned counsel, and for her Opposition to the Motion to Stay/Limit Discovery of Defendant The United States ("United States" or "Government") states as follows:

**ARGUMENT**

While the United States' Motion to Dismiss is temporarily mooted by Plaintiff filing her Amended Complaint as of right per Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, there is every reason to believe that the Government will respond with yet another Motion to Dismiss based upon the "discretionary function exception" to the Federal Tort Claims Act ("FTCA"), asserting that this Honorable Court lacks subject matter jurisdiction over Plaintiff's claims.

Accordingly, in order to avoid as much as possible a delayed determination on the actual merits of Plaintiff's claim, inasmuch as the newest averments supporting subject matter jurisdiction pleaded in Plaintiff's Amended Complaint are highly factual in nature,

Plaintiff respectfully requests that the Court rule on the Government's Motion to Stay/Limit Discovery.

> **A.** **"When The Jurisdictional Facts And The Facts Central To A Tort Claim Are Inextricably Intertwined, The Trial Court Should Ordinarily Assume Jurisdiction And Proceed To The Intertwined Merits Issues."**

In *Kerns*, the Fourth Circuit outlined its approach to both purely facial subject matter jurisdiction challenges per Rule 12(b)(1) (even if true, the Complaint does not confer subject matter jurisdiction) and challenges that take issue with factual averments that would otherwise support a finding of jurisdiction (the averments which purport to confer subject matter jurisdiction are not true). Whatever tack the Government might ultimately take in a new motion, it is necessary to review the Fourth Circuit standard as it also reaches the merits of the Motion to Stay/Limit Discovery:

> We have heretofore recognized that a defendant may challenge subject matter jurisdiction in one of two ways. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). First, the defendant may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* When a defendant makes a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.
>
> In the alternative, the defendant can contend — as the Government does here — "that the jurisdictional allegations of the complaint [are] not true." *Adams,* 697 F.2d at 1219. The plaintiff in this latter situation is afforded less procedural protection: If the defendant challenges the factual predicate of subject matter jurisdiction, "[a] trial court may then go beyond the allegations of the complaint *and in an evidentiary hearing* determine if there are facts to support the jurisdictional allegations," without converting the motion to a summary judgment proceeding. *Id.* (emphasis supplied). In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.

As we explained in *Adams*, vesting a district court with the discretion to determine whether it possesses jurisdiction generally presents no problems. *See* 697 F.2d at 1219. But as Judge Sprouse cautioned in *Adams*, "where the jurisdictional facts are intertwined with the facts central to the merits of the dispute," a presumption of truthfulness should attach to the plaintiff's allegations. *Id.* In that situation, the defendant has challenged not only the court's jurisdiction but also the existence of the plaintiff's cause of action. A trial court should then afford the plaintiff the procedural safeguards — such as discovery — that would apply were the plaintiff facing a direct attack on the merits. The Fifth Circuit has aptly described the underlying rationale for this approach:

> [N]o purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place greater restrictions on the district court's discretion.

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Thus, *when the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues. See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009). As the Supreme Court has explained with respect to such situations, a trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are "clearly ... immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

In short, when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. *And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous. See Bell*, 327 U.S. at 682, 66 S.Ct. 773.

***

As an initial matter, we agree that an FTCA plaintiff facing an indirect attack on the merits — by way of a Rule 12(b)(1) motion — deserves greater procedural protection than that afforded by a typical Rule 12(b)(1) motion. *See, e.g., CAN,* 535 F.3d at 144 (acknowledging concern that Rule 12(b)(1) provides few procedural safeguards when jurisdictional issue is intertwined with merits). Indeed, we are unable to identify any valid reason for distinguishing this type of FTCA claim — with intertwined factual questions on jurisdictional and merits issues — from other tort claims with intertwined factual issues. Thus, the general rule arising from our *Adams* and *Vuyyuru* line of precedent is applicable: *A district court should assume jurisdiction and assess the merits of the claim when the relevant facts — for jurisdictional and merits purposes — are inextricably intertwined. See Vuyyuru,* 555 F.3d at 348; *Adams,* 697 F.2d at 1220.

*Kerns v. U.S.*, 585 F.3d 187, 192-193 (4th Cir.  2009) (emphasis supplied).

Plaintiff agrees that she carries the burden of proof regarding the establishment of subject matter jurisdiction in the face of the Government's assertion of a "discretionary function exception".  Given the Government's claim of a lack of subject matter jurisdiction based upon its to-date conclusory characterizations that the allegations of the Complaint do not, in and of themselves, support jurisdiction, Plaintiff believes it entirely appropriate, as the Government seems also to suggest, that Plaintiff be allowed at a minimum to conduct discovery regarding MSHA inspectors' activities inside the Upper Big Branch Mine as well as the disciplinary fallout that came later.

As outlined in the Amended Complaint, limited research[1] already reveals that the Government undertook several disciplinary actions against individual agency employees as a result of its own internal as well as certain independent investigations (e.g., suspensions for "failing to carry out [the employee's] official duties"), and that the Federal Bureau of Investigation turned up several relevant witness statements on the inspection process (e.g., "inspectors" were complicit in the "advance notice" scheme).

---

[1] Plaintiff first learned of the existence (and availability) of these documents after she filed her Complaint, when they were made a part of a filing by Mr. Don Blankenship on April 17, 2018.

Putting aside for the moment whether the Government will renew its claim that the Plaintiff's highly detailed Amended Complaint somehow fails to conform to the minimum pleading requirements set forth in *Twombley* and *Iqbal*, it is clear that if the Government decides to challenge the new factual allegations in the Complaint regarding MSHA's own disciplinary actions against Agency employees following the UBB investigations, or decides to challenge the allegations concerning independent efforts to report ventilation issues directly to MSHA, or decides to challenge the question of whether some MSHA inspectors were complicit in the "advance notice" scheme prevalent at UBB, Plaintiff is entitled to take appropriate discovery to adequately flesh out those factual issues.[2]

**B.    Plaintiff's Negligence Claim Is Clearly Intertwined With Plaintiff's Allegations Supporting Subject Matter Jurisdiction.**

The FTCA's sovereign immunity waiver is subject to the discretionary function exception, which provides that the United States is not liable for

> (a) Any claim based upon an act or omission of an employee of the Government, *exercising due care*, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or

---

[2]    In a tacit acknowledgement of Plaintiff's right to conduct such discovery, the Government has already prepared a privilege log regarding those documents that it contends should not be subject to such discovery.  Specifically, in May 2, 2018 correspondence to legal counsel for Mr. Don Blankenship in which the Government turned over certain documents, the United States Attorney notes that

> [T]he first two [documents] are privilege logs that were recently compiled in connection with pending federal civil litigation in the Southern District of West Virginia.  It is my understanding that records were provided to the Civil Division of my office by the Department of Labor ("DOL") in response to the United States' request for records of officials who received disciplinary action following the April 5, 2010, Upper Big Branch mine disaster.

> Other than her own, Plaintiff knows of no other currently pending civil action regarding the UBB explosion.  Accordingly, Plaintiff eventually may request an *in camera* review of those documents, especially to the extent that the Government is using the attorney-client and deliberative process privileges as both sword and shield.

the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis supplied).

In *United States v. Gaubert,* 499 U.S. 315 (1991) the Supreme Court formulated a two-part test to determine the applicability of the discretionary function exception.  First, the exception applies only where the act involves judgment or choice and no "federal statute, regulation, or policy *specifically prescribes a course of action* for an employee to follow." *Id.* at 322 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988))(emphasis supplied).  Second, the exception "protects only governmental actions and decisions based on considerations of public policy." *Id.*

The first question thus turns on whether any mandatory federal statute, regulation, or policy prescribes a specific course of conduct.

In the present case, as pointed out in the Amended Complaint, the Department of Labor has assumed the obligation to conduct *mandatory* underground mine inspections at least four times a year.  Whether it can be held liable for conducting those inspections negligently, then, is simply a question of West Virginia law, a question that has already been answered:

> The Supreme Court of Appeals of West Virginia unambiguously answered our question in the affirmative. That court stated that factors including "the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden" on a defendant "weigh in favor of finding that a safety inspector owes a duty of care to the employees whose safety the inspection is intended to secure." *Bragg v. United States*, __ S.E.2d __, 2013 WL 490776, at *10 (W. Va. Feb. 5, 2013) (quotation marks omitted). The court plainly "h[e]ld that a private inspector who inspects a work premises for the purpose of furthering the safety of employees who work on said premises owes a duty of care to those employees to conduct inspections with ordinary skill, care, and diligence commensurate with that rendered by members of his or her profession." *Id.*

*Bragg v. United States*, No.11-1342 (4th Cir. June 11, 2013).

To the extent that the Government challenges that straightforward analysis by taking issue with the Amended Complaint's invocation of freshly pleaded factual averments that support a finding of subject matter jurisdiction, Plaintiff respectfully suggests that she is entitled to have discovery on those issues per *Kerns*.

Second, as for the exception protecting "only governmental actions and decisions based on considerations of public policy," perhaps the 8th Circuit had the most succinct analysis of that test, which, in the present case, of course, Plaintiff respectfully suggests the Court need never reach:

> The planning level of the Air Force training and evaluation missions, which would include the development of the route for the mission at issue here, is protected within this discretionary function exception. Nevertheless, the discretionary function exception does not protect the United States from liability for *operational negligence* in carrying out such a mission. The United States is not protected if the pilot operating the B-52 which flew over [the plaintiff's] farm was *negligent in implementing the policy decisions made by Government officials*.

*Peterson v. United States,* 673 F.2d 237, 240 (8th Cir. 1982) (citations omitted)(emphasis supplied).

WHEREFORE, Plaintiff respectfully requests that the Government's Motion be DENIED.

Respectfully submitted,


*/Alicia Schmitt/*
Bruce E. Stanley (WVSB No. 5434)
Alicia M. Schmitt (WVSB No. 12333)
Stanley & Schmitt PC
2424 Craftmont Avenue
Pittsburgh, PA 15205
T: (412) 401-4654
bruce@stanleyschmittlaw.com
alicia@stanleyschmittlaw.com

*Attorneys for Plaintiff*

Dated:  July 10, 2018

## CERTIFICATE OF SERVICE

I, Alicia Schmitt, counsel for Plaintiff, hereby certify that on July 10, 2018, I electronically filed the foregoing OPPOSITION TO MOTION TO STAY/LIMIT DISCOVERY with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Fred B. Westfall, Jr., Esquire
Assistant United States Attorney
P.O. Box 1713
Charleston, WV  25326
*Counsel for Defendant*

_____*/Alicia Schmitt/*_____
Alicia M. Schmitt, Esquire
Stanley & Schmitt PC
2424 Craftmont Avenue
Pittsburgh, PA 15205
Phone: (412) 212-3065
Fax: (412) 265-6015
Email:  alicia@stanleyschmittlaw.com

*Counsel for Plaintiff*