**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | | |
|---|---|---|
| CAROLYN DIANA DAVIS, | ) | |
| as the Administratrix for the ESTATE of | ) | Civil Action No. 5:18-cv-00530 |
| CHARLES TIMOTHY DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Judge Berger |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTERED**

**MAY 1 6 2019**

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**FINAL ORDER GRANTING PETITION OF CAROLYN DIANA DAVIS TO
SETTLE WRONGFUL DEATH CLAIM**

On this day, May 16, 2019, came Petitioner, Carolyn Diana Davis, the Administratrix of the Estate of Charles Timothy Davis, deceased, by counsel, and Respondent, The United States of America, by counsel, and represented to this Court that they have reached a settlement of all claims by and between Petitioner and Respondent, representing specifically as follows:

I.

Petitioner, Carolyn Diana Davis, is the Administratrix of the Estate of Charles Timothy Davis, deceased, as more particularly appears from the Order Appointing Administratrix dated May 24, 2010, a true copy of which was attached to her Petition as "**Exhibit A**."

II.

This claim is for the wrongful death of Petitioner's husband, Charles Timothy Davis, on April 10, 2010, in a massive explosion at the Upper Big Branch Mine—South

("UBB Mine") then operated by Performance Coal Company, a sub-subsidiary of the Massey Energy Company and subject to mandatory safety inspections to be performed by employees of Defendant's Mine Safety and Health Administration ("MSHA").

## III.

At approximately 3:00 p.m. on April 5, 2010, as a shift change was taking place, a blast ignited at the tail of the UBB Mine longwall operation. The blast resulted when the longwall's shearer, cutting into sandstone, sent sparks into a pocket of methane that had accumulated over the preceding Easter weekend. The resulting fireball then travelled to the tailgate area of the longwall, setting off massive explosions of accumulated coal dust, an explosion that ripped through more than two miles of the mine workings. A total of twenty-nine coalminers died in the explosion. Charles Timothy Davis was one of four bodies later discovered by mine rescue team members in the headgate entry to the longwall.

As a result of Charles Timothy Davis's death, the Petitioner retained the law firm of Stanley & Schmitt PC for the purpose of representing the Estate of Charles Timothy Davis for claims arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"), and alleging that, as a direct result of the United States' tortious acts and/or omissions in these matters, the Petitioner's decedent suffered death, pain, impairment, and metal anguish, and the decedent's Estate suffered losses as set forth in West Virginia's Wrongful Death Act, West Virginia Code §§ 55-7-6(c)(1) and (2).

The United States' Motion to Dismiss the underlying Complaint in its entirety was pending at the time the parties agreed to compromise the claims, and the United States continues to deny liability for the death of Charles Timothy Davis.

In Petitioner's estimation and in the considered opinion of her legal counsel, the agreed-upon compromise of the claims alleged would be a fair and equitable resolution of the dispute given the current state of the law and the risks associated with pursuing an action to verdict.

IV.

The Parties represent that on March 1, 2019, a settlement was reached between the Estate of Charles Timothy Davis and the United States wherein the United States agreed to pay into the Estate of Charles Timothy Davis Five Hundred Fifty Thousand Dollars (**$550,000.00**) as settlement of the claims against it.

V.

The decedent, Charles Timothy Davis, left as potential beneficiaries, pursuant to West Virginia Code §55-7-6 et seq., the following:

Carolyn Diana Davis
221 Delung Lane
Scarbro, WV  25917
*Widow*

Charles Timothy Davis, Jr.
23 Creekside Drive
Eskdale, WV  25075
*Son*

Misty Dawn Cooper
166 Chris Street
Beaver, WV  25813

*Daughter*

Dakota Anthony Davis
23 Creekside Drive
Eskdale, WV  25075
*Son*

Pamela Sue Napper
31533 Red Hill Road
Langsville, OH  45741
*Sister*

Trena Lee Crockett
1932 Silverstone Drive
Gastonia, NC  28052
*Sister*

Owen Thomas Davis
1118 Dorothy Drive
Belle, WV  25015
*Brother*

All of the potential beneficiaries are over the age of eighteen. The decedent, at the time of his death, had no other children, brothers and sisters, or any other person who was financially dependent upon him at the time of his death or otherwise equitably entitled to share in the settlement proceeds. The only beneficiary who was financially dependent upon the decedent at the time of his death was his widow, Carolyn Diana Davis. All potential beneficiaries have been given timely notice of the hearing upon the Petition.

VI.

The Petitioner, Carolyn Diana Davis, Administratrix of the Estate of Charles Timothy Davis, deceased, has negotiated a final settlement of the claims of the Estate of Charles Timothy Davis with the United States, under the terms of which the Petitioner, as Administratrix of the Estate of Charles Timothy Davis, deceased, and on behalf of said estate, is to receive **$550,000.00** cash as a settlement from the United States.

VII.

The Petitioner, Carolyn Diana Davis, Administratrix of the Estate of Charles Timothy Davis, is empowered by West Virginia Code §55-7-6, et seq., to compromise the wrongful death claim that she possesses as the Administratrix of the Estate of Charles Timothy Davis, deceased.

VIII.

Petitioner retained the services of the law firm of Stanley & Schmitt PC to represent her as Administratrix of the Estate of Charles Timothy Davis pursuant to a twenty-five percent (25%) contingency fee agreement (as allowed under the Federal Tort Claims Act ("FTCA"), plus reimbursement of expenses.  Pursuant to this agreement, attorney's fees are One Hundred and Thirty-Seven Thousand Five Hundred Dollars ($137,500.00).

Petitioner's counsel has incurred and advanced expenses in investigating and prosecuting this claim.  The unreimbursed expenses currently total Two Thousand Five Hundred Eighty-Eight Dollars and Fifty-Two Cents ($2,588.52), with an expectation that there will be some incidental additional expenses incurred in the completion of this matter.  Accordingly, Petitioner has requested and the Court hereby **Orders** that she set aside the amount of Three Thousand Dollars ($3,000.00) out of the gross settlement proceeds for the payment of unreimbursed expenses.

Petitioner previously incurred funeral expenses, which expenses were reimbursed in a prior confidential settlement with other private parties.

The Petitioner warrants that no amounts were paid for medical care or any other medical treatment alleged as damages in this case by Medicare or Medicaid.

The Petitioner warrants there are no known liens or other legal obligations to third parties due and owing by the Estate; and

After payment of attorney's fees and expenses, net settlement proceeds in the amount of Four Hundred Nine Thousand Five Hundred Dollars ($409,500.00) remain available for distribution to the remaining statutory beneficiaries listed above.

IX.

The Petitioner, Carolyn Diana Davis, as Administratrix of the Estate of Charles Timothy Davis, has proposed the following distribution of the net settlement proceeds, after payment of reasonable attorney fees and expenses, as follows:

Carolyn Diana Davis, Estate beneficiary - $409,500.00

The consent of Petitioner Carolyn Diana Davis, in her capacity as beneficiary, is attached to her Petition as **Exhibit B**.  The consents to settle of the children of Charles Timothy Davis -- Charles Timothy Davis, Jr., Misty Dawn Cooper, and Dakota Anthony Davis -- are attached to her Petition as **Exhibit C**.

Potential beneficiary Owen Thomas Davis previously granted a general release of any claim to any recovery obtained on behalf of the Estate of Charles Timothy Davis.  A copy of that release is attached to the Petition as **Exhibit D**.

Upon obtaining a hearing date for her Petition, Petitioner gave timely notice to all other potential beneficiaries by United States Mail, Certified Receipt Requested, proof of which mailings have been provided to the Court.

X.

Petitioner moves the Court to approve this settlement, thereby granting Carolyn Diana Davis authority to execute a full and complete Release, as Administratrix of the Estate of Charles Timothy Davis, forever discharging the United States from any and all further liability in connection with or arising out of the death of Charles Timothy Davis.

XI.

The Petitioner moves the Court to approve this settlement recognizing that she will have no further claims, either individually or as Administratrix of the Estate of Charles Timothy Davis, against the United States.  The Petitioner further recognizes the duty to the beneficiaries of the Estate of Charles Timothy Davis, and does hereby assert that all such beneficiaries are to be protected by the proposed settlement set forth herein.

XII.

Petitioner acknowledges that all other potential adult beneficiaries will have no further claims against the United States in connection with the wrongful death of Charles Timothy Davis.

XIII.

The Petitioner does act, in asking the Court to approve the settlement set forth herein, individually and in her capacity as Administratrix of the Estate of Charles Timothy Davis, deceased.

**WHEREFORE**, based upon the foregoing findings and conclusions, this Court hereby **ORDER**S the following:

1.  That the compromise and settlement described above is a fair, reasonable and adequate compromise and settlement, made in good faith pursuant to W.Va. Code § 55-7-7, and is in the best interests of the Petitioner, the Estate, and all interested parties, and is therefore approved;

2.  That Carolyn Diana Davis, individually and as Administratrix of the Estate of Charles Timothy Davis, is authorized and directed to execute the necessary release forever releasing and discharging the United States from any and all liability, claims, liens, actions, causes of action, damages or demands of any kind and character arising out of their conduct, work, and the death of Charles Timothy Davis;

3.  That Petitioner may receive the agreed upon settlement proceeds for the matters in controversy and directs and orders that the distribution of the settlement proceeds be made as follows:

    a.  Attorney's fees to Stanley & Schmitt, PC, in the amount of One Hundred Thirty-Seven Thousand Five Hundred Dollars ($137,500.00);

    b.  Attorney reimbursement of advanced litigation costs and expenses in the amount of Three Thousand Dollars ($3,000.00) to Stanley & Schmitt, PC; and

    c.  Four Hundred Nine Thousand Dollars ($409,500.00) to Carolyn Diana Davis as the lone dependent heir to the Estate of Charles Timothy Davis.

4.  This Settlement is a good faith settlement under West Virginia law that serves to extinguish any and all claims for contribution or indemnity against the United States.

The Clerk is directed to transmit copies of this Order to all counsel of record.

ENTERED: this _16th_ day of _May_, 2019.

Honorable Irene C. Berger, Judge

PREPARED AND APPROVED FOR ENTRY BY:

Bruce E. Stanley, Esquire (WVSB #5434)
Alicia M. Schmitt, Esquire (WVSB #12333)
Stanley & Schmitt, PC
2424 Craftmont Avenue
Pittsburgh, PA 15205
T: (412) 401-4654
*Counsel for Petitioner*

READ AND APPROVED FOR ENTRY BY:

Fred B. Westfall, Jr., Esquire (WVSB #3992)
Assistant United States Attorney
P.O. Box 1713
Charleston, WV  26501
T: (304) 347-2200
*Counsel for Respondent*